Machi & Associates
1521 N. Cooper St. Suite 550
Arlington, TX 76011

Bar Number:   24037742
Phone:   (817) 335-8880

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | | | |
|---|---|---|---|---|
| In re: **Pamela Denise Akuma** | xxx-xx-4847 | § | Case No: | **19-41438-MXM-13** |
| 1005 Amherst Drive, Apt. 1011 | | § | Date: | **4/19/2019** |
| Bedford, TX  76021 | | § | | |
| | | § | Chapter 13 | |
| | | § | | |

Debtor(s)

*AMENDED*
**DEBTOR'S(S') CHAPTER 13 PLAN**
**(CONTAINING A MOTION FOR VALUATION)**

**DISCLOSURES**

☑ This *Plan* does not contain any *Nonstandard Provisions.*

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☐ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☑ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2017-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order").  All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

Page 1

| | | | |
|---|---|---|---|
| Plan Payment: | **$500.00** | Value of Non-exempt property per § 1325(a)(4): | **$0.00** |
| Plan Term: | **47 months** | Monthly Disposable Income per § 1325(b)(2): | **$0.00** |
| Plan Base: | **$23,500.00** | Monthly Disposable Income x ACP ("UCP"): | **$0.00** |
| Applicable Commitment Period: | **36 months** | | |

Case No: 19-41438-MXM-13
Debtor(s): **Pamela Denise Akuma**

---

## MOTION FOR VALUATION

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim. Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

### SECTION I
### DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS
### FORM REVISED 7/1/17

**A. PLAN PAYMENTS:**

*Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

__$500.00__ per month, months __1__ to __47__.

For a total of __$23,500.00__ (estimated "*Base Amount*").

First payment is due __5/5/2019__.

The applicable commitment period ("ACP") is __36__ months.

Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is: __$0.00__.

The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than: __$0.00__.

*Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than: __$0.00__.

**B. STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

1. **CLERK'S FILING FEE:** Total filing fees paid through the *Plan*, if any, are __$0.00__ and shall be paid in full prior to disbursements to any other creditor.

2. **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:** *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2017-01 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

3. **DOMESTIC SUPPORT OBLIGATIONS:** The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant. Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
|  |  |  |  |  |

**C. ATTORNEY FEES:** To __Machi & Associates, PC__, total: __$3,700.00__;
__$190.00__ Pre-petition; __$3,510.00__ disbursed by the *Trustee.*

Case No: 19-41438-MXM-13
Debtor(s): **Pamela Denise Akuma**

### D.(1) PRE-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | SCHED. ARR. AMT. | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

### D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| | | | |

### D.(3) POST-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

### E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|
| | | | | | |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| **Sam's Furniture** Bedroom Furniture | $2,019.44 | $2,019.44 | 0.00% | | Pro-Rata |
| **Wells Fargo Dealer Services** 2017 Toyota Camry | $20,893.33 | $11,050.00 | 6.50% | | Pro-Rata |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object. In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

### E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|
| | | | | |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|
| | | | | |

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

Case No: 19-41438-MXM-13
Debtor(s): **Pamela Denise Akuma**

### F. SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

### G. SECURED CREDITORS - PAID DIRECT BY DEBTOR:

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| | | |

### H. PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| Internal Revenue Service | $2,720.26 | Month(s) 1-47 | Pro-Rata |

### I. SPECIAL CLASS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

JUSTIFICATION: _____

### J. UNSECURED CREDITORS:

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| Ace Cash Express | $0.00 | |
| Ad Astra Recovery | $15.00 | |
| Advance America Cash Advance | $845.00 | |
| Advance Finance | $506.00 | |
| American InfoSource LP as agent | $547.29 | |
| American InfoSource LP as agent | $531.20 | |
| Applied Bank | $5.00 | |
| AT&T | $2,000.00 | |
| Atlas Credit | $508.00 | |
| Auto Acceptance | $0.00 | |
| Banner Finance | $450.00 | |
| Bastion Funding | $1,632.00 | |
| Baylor All Saints Medical Center | $2,555.00 | |
| Baylor Scott & White | $784.00 | |

Case No:    19-41438-MXM-13
Debtor(s):  **Pamela Denise Akuma**

| | |
|---|---:|
| **Capital One Auto Finance** | $0.00 |
| **Cash Central** | $1,282.19 |
| **Cash Store** | $1,185.00 |
| **Cottonwood Financial. LTD** | $1,480.13 |
| **Credence Resource Management, LLC** | $690.00 |
| **Credit One** | $1.00 |
| **Credit One Bank** | $426.22 |
| **Credit Systems** | $0.00 |
| **Deparrtment of Education** | $3,446.00 |
| **Dr. Chang** | $740.00 |
| **Dr. Hoover** | $127.00 |
| **Dr. Viven** | $151.00 |
| **EECU** | $5,326.00 |
| **Emcare** | $740.00 |
| **EZ Money Loan Services** | $374.00 |
| **Florida Department of Education** | $56,225.39 |
| **Fort Worth Library** | $23.00 |
| **Gateway Holding Group** | $0.00 |
| **Ginny's** | $305.61 |
| **Green Cash** | $0.00 |
| **Health Texas Provider** | $563.00 |
| **I.Q. Data International, Inc.** | $104.55 |
| **IC System** | $0.00 |
| **Jefferson Capital Systems, LLC** | $390.00 |
| **JPS Health Network** | $250.00 |
| **Lend Up** | $376.00 |
| **Loan Express** | $734.00 |
| **Loan Express** | $737.00 |
| **LVNV Funding, LLC its successors** | $337.40 |
| **Midland Funding LLC** | $753.00 |
| **Mill Valley -  Fort Worth, LLC** | $109.00 |
| **Money Key** | $1,262.58 |
| **Mornings with Jesus** | $12.99 |
| **Navient** | $54,023.59 |
| **Nelnet** | $4,407.00 |
| **North Cash** | $0.00 |
| **NP to Texas** | $349.00 |
| **Phillips & Cohen Associates, Ltd** | $0.00 |
| **Phillips & Cohen Associates, LTD** | $582.88 |
| **Plains Commerce Bank** | $3.00 |
| **Plaza Finance** | $976.00 |
| **Publishers Clearing House** | $118.00 |
| **Quantum3 Groups LLC** | $1,745.06 |
| **Quest Diagnostic** | $33.44 |
| **Radiology Associates of North Texas** | $81.00 |

| | | |
|---|---|---|
| **Receivable Management Group** | $91.13 | |
| **Regional Finance Corporation of Texas** | $700.00 | |
| **Sallie Mae Servicing** | $43,758.00 | |
| **Sam's Club** | $583.00 | |
| **Security Finance** | $0.00 | |
| **Silver Cloud Financial** | $4,150.00 | |
| **Southern Finance** | $1,504.00 | |
| **Southern Finance** | $378.14 | |
| **Southwestern Bell Telephone Co.** | $2,239.75 | |
| **Speedy Cash** | $1,159.00 | |
| **Synerprise Consulting** | $0.00 | |
| **Tarrant Pathology Associates** | $45.00 | |
| **Texas Colon & Rectal Surgeons, LLP** | $85.51 | |
| **Texas Health Fort Worth** | $127.00 | |
| **Texas Health Provider** | $563.00 | |
| **Texas Oncology PA Bedford** | $255.70 | |
| **Texas Workforce Commission** | $2,048.00 | |
| **Texas Workforce Commission** | $324.00 | |
| **Texas Workforce Commission** | $324.00 | |
| **Texas Workforce Commission** | $1,133.59 | |
| **Trident Asset Management** | $0.00 | |
| **TWC** | $2,048.00 | |
| **U.S. Dept of Education** | $4,573.78 | |
| **Wells Fargo Dealer Services** | $9,843.33 | Unsecured portion of the secured debt (Bifurcated) |
| **Western Shamrock Corp** | $710.00 | |
| **Western Shamrock Corp** | $1,193.75 | |
| **World Finance Corporation** | $1,215.00 | |
| TOTAL SCHEDULED UNSECURED: | **$229,902.20** | |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is _____**0%**_____.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

**K.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| **2007 Amherst, L.P.** | **Rejected** | $0.00 | | |
| **CubeSmart Management, LLC** | **Assumed** | $0.00 | | |

SECTION II
**DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS**
**FORM REVISED 7/1/17**

**A.   SUBMISSION OF DISPOSABLE INCOME:**

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount*.

Case No:   19-41438-MXM-13
Debtor(s):  **Pamela Denise Akuma**

---

B. **ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:**

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B).  The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

C. **ATTORNEY FEES:**

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the **Debtor's(s')** Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

D.(1) **PRE-PETITION MORTGAGE ARREARAGE:**

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1).  To the extent interest is provided, it will be calculated from the date of the Petition.  The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*.  Such creditors shall retain their liens.

D.(2) **CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:**

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*.  Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment.*

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

D.(3) **POST-PETITION MORTGAGE ARREARAGE:**

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3).  To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

E.(1)   **SECURED CLAIMS TO BE PAID BY TRUSTEE:**

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan*. Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).  Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured.  The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee*.

E.(2)   **SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:**

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

Case No:   19-41438-MXM-13
Debtor(s):   **Pamela Denise Akuma**

---

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest).  Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation.  The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee.*

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

**F.   SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:**

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation.  Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

**G.   DIRECT PAYMENTS BY DEBTOR(S):**

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

**H.   PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H.  The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

**I.   CLASSIFIED UNSECURED CLAIMS:**

Classified unsecured claims shall be treated as allowed by the Court.

**J.   GENERAL UNSECURED CLAIMS TIMELY FILED:**

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

**K.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

**L.   CLAIMS TO BE PAID:**

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim.  If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims.  Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

**M.   ADDITIONAL PLAN PROVISIONS:**

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

Case No:     19-41438-MXM-13
Debtor(s):   **Pamela Denise Akuma**

---

**N. POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:**

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer.  If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance.  If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges.*

**O. CLAIMS NOT FILED:**

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD.*

**P. CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:**

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

**Q. CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

**R. BUSINESS CASE OPERATING REPORTS:**

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise.  The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

**S. NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:**

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business.  Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

**T. DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:**

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge.  Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law.  In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law.  After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules.  Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan.*  Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

Case No:    19-41438-MXM-13
Debtor(s):  **Pamela Denise Akuma**

---

## U. ORDER OF PAYMENT:

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized.  Each numbered paragraph below is a level of payment.  All disbursements which are in a specified monthly amount are referred to as "per mo."  At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment.  If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis.  Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims.  These claims must be designated to be paid pro-rata.

## V. POST-PETITION CLAIMS:

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed.  To the extent necessary, *Debtor(s)* will modify this *Plan*.

Case No:   19-41438-MXM-13
Debtor(s):   **Pamela Denise Akuma**

---

W.  **TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:**

See the provisions of the General Order regarding this procedure.

Case No: 19-41438-MXM-13
Debtor(s): **Pamela Denise Akuma**

## SECTION III
## NONSTANDARD PROVISIONS

The following nonstandard provisions, if any, constitute terms of this *Plan*. Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

| | |
|---|---|
| **/s/ Daniel S. Wright** | |
| Daniel S. Wright, Debtor's(s') Attorney | Debtor (if unrepresented by an attorney) |

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

| | |
|---|---|
| **/s/ Daniel S. Wright** | **24037742** |
| Daniel S. Wright, Debtor's(s') Counsel | State Bar Number |

Case No:    19-41438-MXM-13
Debtor(s):  **Pamela Denise Akuma**

---

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the    **15th day of May, 2019**    :

(List each party served, specifying the name and address of each party)

Dated:    **May 15, 2019**                /s/ Daniel S. Wright
                                          Daniel S. Wright, Debtor's(s') Counsel

| | | |
|---|---|---|
| 2007 Amherst, L.P.<br>1005 Amherst Drive<br>Bedford, TX 76021 | American InfoSource LP as agent<br>for DIRECTTV, LLC<br>Mail Station N387<br>2230 E. Imperial Hwy<br>El Segundo, CA 90245 | Bastion Funding<br>237 Kearny St. #372<br>San Francisco, CA 94108 |
| Ace Cash Express<br>1231 Greenway Drive, #700<br>Irving, TX 75038 | Applied Bank<br>4700 Exchange Court<br>Boca Raton, FL 33431 | Baylor All Saints Medical Center<br>P.O. Box 848108<br>Dallas, TX 75284-8108 |
| Ad Astra Recovery<br>7330 W 33rd St. N., Suite 118<br>Wichita, KS 67205 | AT&T<br>c/o Palisades Collection<br>2425 Commerce Avenue, Suite 10<br>Duluth, GA 30096 | Baylor Scott & White<br>P.O. Box 951948<br>Dallas, TX 75395 |
| Advance America Cash Advance<br>6465<br>1100 Bridgewood Street, Ste. 124<br>Fort Worth, TX 76112 | Atlas Credit<br>2934<br>1721 W. Berry Street<br>Fort Worth, TX 76110 | Capital One<br>3901 Dallas Parkway<br>Plano, TX 75093 |
| Advance Finance<br>1619 W. Berry Street<br>Fort Worth, TX 76110 | Auto Acceptance<br>1519<br>749 Main Street<br>Riverdale, GA 30274 | Capital One Auto Finance<br>c/o Ascension Capital Group<br>P.O. Box 201347<br>Arlington, TX 76006 |
| American InfoSource LP as agent<br>for Midland Funding LLC<br>P.O. Box 268941<br>Oklahoma City, OK 73126-8941 | Banner Finance<br>0043<br>1415 W. Berry<br>Fort Worth, TX 76110 | Cash Central<br>PO Box 6430<br>North Logan, UT 84341 |

Case No:    19-41438-MXM-13
Debtor(s):  **Pamela Denise Akuma**

---

Cash Central of Texas, LLC
dba Cash Central
84 East 2400 North
North Logan, UT  84341

Deparrtment of Education
P.O. Box 4169
Greenville, TX 75403

Fort Worth Library
7064
500 W. Third Street
Fort Worth, TX 76102

Cash Store
9927
960 N. Beach Street
Fort Worth, TX 76111

Dr. Chang
P.O. Box 13837
Philadelphia, PA 19101

Gateway Holding Group
c/o National Group LLC
P.O. Box 025250
Miami, FL 33102

Cottonwood Financial. LTD
1901 Gateway Dr., #200
Irving, TX  75038

Dr. Hoover
P.O. Box 961205
Fort Worth, TX 76161

Ginny's
xxxxxxxxx5630
1112 7th Avenue
Monroe, WI 53566-1364

Credence Resource Management, LLC
17000 Dallas Parkway, Ste. 204
Dallas, TX 75248

Dr. Viven
1124 College Ave.
Fort Worth, TX 76114

Green Cash
7251 West Lake Mead Blvd. Ste. 300
Las Vegas, NV 89128

Credit One
P.O. Box 1273
Metairie, LA 70004

EECU
P.O. Box 1777
Fort Worth, TX 76101-1777

Health Texas Provider
PO Box 844128
Dallas, TX 75284-4128

Credit One Bank
xxxx-xxxx-xxxx-2554
P.O. Box 60500
City of Industry, CA 91716-0500

Emcare
P.O. Box 13837
Philadelphia, PA  19101-3837

I.Q. Data International, Inc.
xxxxxx1275
P.O. Box 340
Bothell, WA  98041

Credit Systems
1277 Country Club
Fort Worth, TX 76112

EZ Money Loan Services
1819
934A North Collins
Arlington, TX 76011

IC System
444 Hwy. 96 East
St. Paul, MN 55164

CubeSmart Management, LLC
1761 Eastchase Parkway
Fort Worth, TX  76120

Florida Department of Education
xxxxxx0993
P.O. Box 7019
Tallahassee, FL 32314

Internal Revenue Service
Special Procedures - Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346

Case No:     19-41438-MXM-13
Debtor(s):   **Pamela Denise Akuma**

---

Jefferson Capital Systems, LLC
P.O. Box 7999
St. Cloud, MN  56302-9617

Mill Valley -  Fort Worth, LLC
9001 Randol Mill Rd
Fort Worth, TX 76120

NP to Texas
256 W. Data Drive
Draper, NH  84020

JPS Health Network
0037
P.O. Box 916046
Fort Worth, TX  76191-6046

Money Key
3422 Old Capital Trail, #1613
Wilmington, DE  19808

Office of the Attorney General
1412 Main Street, Suite 810
Dallas, TX 75202

Lend Up
237 Kearny #372
San Francisco, CA  94108

Mornings with Jesus
P.O. Box 5817
Harlan, IA  51593-1317

Pam Bassel
7001 Blvd. 26, Ste. 150
North Richland Hills, TX 76180

Lighthouse Management
15332 Antioch St. #540
Pacific Palisades, CA 90272

Navient
P.O. Box 9500
Wilkes-Barre, PA 18773

Pamela Denise Akuma
1005 Amherst Drive, Apt. 1011
Bedford, TX  76021

Loan Express
9770
1801 W. Berry Street, #101
Fort Worth, TX 76110

Navient
P.O. Box 9500
Wilkes-Barre, PA  18773-9500

Phillips & Cohen Associates, Ltd
1002 Justison Street
Wilmington, DE  19801

Loan Express
1801 W. Berry Street
Fort Worth, TX 76110

Navient Solutions, Inc.
c/o Navient Solutions
P.O. Box 18773
Wilkes Barre, PA  18773

Phillips & Cohen Associates, LTD
servicer for PCA Acquisition, LTD
1002 Justison Street
Wilmington, DE  19801

LVNV Funding, LLC its successors
and assigns as of Triad
Resurgent Capital Services
P.O. Box 10587
Greenville, SC  29603-0587

Nelnet
P.O. Box 82525
Lincoln, NE 68501-2525

Plains Commerce Bank
P.O. Box 5235
Sioux Falls, SD  57117-5235

Midland Funding LLC
P.O. Box 160369
San Antonio, TX  78280

North Cash
c/o North Stay Finance, LLC
P.O. Box 496
Hays, MT  59527

Plaza Finance
1738
605 East Berry, #102-B
Fort Worth, TX 76110-4300

Case No:     19-41438-MXM-13
Debtor(s):   **Pamela Denise Akuma**

---

Publishers Clearing House
P.O. Box 6344
Harlen, IA 51593

Sam's Furniture
xxxxx6881
P.O. Box 37229
Fort Worh, TX  76117

Tarrant Pathology Associates
P.O. Box 2627
Fort Worth, TX 76113-2627


Quantum3 Groups LLC
as agent for Galaxy Portfolios LLC
P.O. Box 788
Kirkland, WA  98083-0788

Security Finance
1621 West Berry Street
Fort Worth, TX 76110

Texas Colon & Rectal Surgeons, LLP
xxxxxxA421
Attn:  9142E
P.O. Box 14000
Belfast, ME  04915-4033


Quest Diagnostic
xxxxxx5390
P.O. Box 740779
Cincinnati, OH 45274

Silver Cloud Financial
635 E. Highway 20 C
Upper Lake, CA 95485

Texas Colon & Rectal Surgeons, LLP
11551 Forest Central Drive, #133
Dallas, TX  75243-3915


Radiology Associates of North Texas
P.O. Box 1723
Indianapolis, IN  46206

Southern Finance
214
6468 Brentwood Stair Road
Fort Worth, TX 76112

Texas Health Fort Worth
PO Box 916063
Fort Worth, TX 76191-6063


Receivable Management Group
xxPHV2
2901 University, Ave. #29
Columbus, GA 31907

Southern Finance
6468 Brentwood Stair Road
Fort Worth, TX 76112

Texas Health Provider
P.O. Box 844128
Dallas, TX 75284


Regional Finance Corporation of Texas
2725 NE 28th Street, Ste. 130
Fort Worth, TX 76111

Southwestern Bell Telephone Co.
c/o AT&T Services, Inc.
One AT&T Way, Room 3A104
Bedminster, NJ  07921

Texas Oncology PA Bedford
xxx4773
P.O. Box 732175
Dallas, TX  75373-2175


Sallie Mae Servicing
P.O. Box 4600
Wilkes-Barre, PA 18773-4600

Speedy Cash
0406
4209 East Lancaster
Fort Worth, TX 76103

Texas Workforce Commission
101 East 15th Street, Room 556
Austin, TX 78778


Sam's Club
2835
P.O. Box 105982 Dept. 77
Atlanta, GA 30353

Synerprise Consulting
2809 Regal Road
Suite 107
Plano, TX 75075

Texas Workforce Commission
PO Box 149352
Austin, TX 78714-9940

Case No:    19-41438-MXM-13
Debtor(s):  **Pamela Denise Akuma**

---

Texas Workforce Commission
101 East 15th Street, Room 556
Austin, TX 78778-0001

Wells Fargo Dealer Services
5002
P.O. Box 25341
Santa Ana, CA 92799-5341

Texas Workforce Commission
P.O. Box 901010
Fort Worth, TX 76101-2010

Western Shamrock Corp
801 S. Abe Street
San Angelo, TX 76903

Texas Workforce Commission - Benefit
101 East 15th Street, Room 556
Austin, TX  78778

William T. Neary
Office Of The United States Trustee
1100 Commerce, Street, Rm 976
Dallas, TX 75242-1496

Transworld Systems, Inc.
507 Prudential Road
Horsham, PA  19044

World Finance Corporation
101 S. Jennings Avenue
Fort Worth, TX 76104

Trident Asset Management
P.O. Box 888424
Atlanta, GA 30356

TWC
3250
P.O. Box 149352
Austin, TX 78714-9080

U.S. Dept of Education
c/o Nelnet
3015 South Parker Road, #400
Aurora, CO  80014

United States Attorney
Office of the U.S. Atty.
1100 Commerce Street, 3rd Floor
Dallas, TX 75242-1074

**Machi & Associates**
1521 N. Cooper St. Suite 550
Arlington, TX 76011

Bar Number: **24037742**
Phone: **(817) 335-8880**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**
Revised 10/1/2016

| | | | |
|---|---|---|---|
| IN RE: **Pamela Denise Akuma** | xxx-xx-4847 § | CASE NO: **19-41438-MXM-13** |
| 1005 Amherst Drive, Apt. 1011 | § | |
| Bedford, TX 76021 | § | |
| | § | |
| | § | |

Debtor(s)

*AMENDED*
<u>AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS</u>    DATED: <u>4/19/2019</u>

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| Periodic Payment Amount | | | $500.00 |
|---|---|---|---|
| Disbursements | | First (1) | Second (2) (Other) |
| Account Balance Reserve | | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | | $49.50 | $50.00 |
| Filing Fee | | $0.00 | $0.00 |
| Noticing Fee | | $102.90 | $0.00 |
| **Subtotal Expenses/Fees** | | **$157.40** | **$50.00** |
| Available for payment of Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | | **$342.60** | **$450.00** |

**CREDITORS SECURED BY VEHICLES (CAR CREDITORS):**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| Wells Fargo Dealer Services | 2017 Toyota Camry | $20,893.33 | $11,050.00 | 1.25% | $138.13 |
| | Total Adequate Protection Payments for Creditors Secured by Vehicles: | | | | **$138.13** |

**CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):**

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|
| | Payments for Current Post-Petition Mortgage Payments (Conduit): | | | | **$0.00** |

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

Case No:   19-41438-MXM-13
Debtor(s):  Pamela Denise Akuma

**CREDITORS SECURED BY COLLATERAL OTHER THAN A VEHICLE:**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | | | | | |

Total Adequate Protection Payments for Creditors Secured by Collateral other than a vehicle: **$0.00**

**TOTAL PRE-CONFIRMATION PAYMENTS**

**First Month Disbursement (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$138.13** |
| Debtor's Attorney, per mo: | **$204.47** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Disbursements starting month 2 (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$138.13** |
| Debtor's Attorney, per mo: | **$311.87** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Order of Payment:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 Trustee prior to entry of an order confirming the Chapter 13 Plan will be paid in the order set out above.  All disbursements which are in a specified monthly amount are referred to as "per mo".  At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on the per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment.  Other than the Current Post-Petition Mortgage Payments, the principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection payments, less any interest (if applicable), paid to the creditor by the Trustee.

DATED:  **5/15/2019**

**/s/ Daniel S. Wright**
Attorney for Debtor(s)